UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KELVIN WELLS, ET AL**                                              **CIVIL ACTION**

**VERSUS**                                                                      **NUMBER 11-603-JJB-DLD**

**MAGNOLIA WOODS ELEMENTARY SCHOOL, ET AL**

**MAGISTRATE JUDGE'S REPORT**

Plaintiffs, appearing *pro se*, bring this action against "Magnolia Woods Elementary School, Ms. Hollinger, and its Principal." The court granted plaintiffs' request to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915, and now reviews the claims brought by plaintiffs in their complaint.

Plaintiffs filed this lawsuit, styled as a "petition for injunctive relief, protective order and restraining order request," against defendants on September 1, 2011, alleging violations of "Title I, the No Child Left Behind Act of 2001, IDEA, and the 1964 Civil Rights Act." (rec.doc. 1) Specifically, Kelvin and Kelda Wells, as the parents of minor child, P.W, allege that on August 18, 2011, P.W. was assaulted in the presence of school officials and there was no incident report or parental notification of the assault. Plaintiffs do not describe the particular assault incident of August 18, 2011, in their complaint, but do state, generally speaking, that prior to August 18, 2011, and "since then," P.W. has "been punched and elbowed," "written up for reporting these incidents," and "reprimanded thrown into TOR [time-out room]." With respect to "Ms. Hollinger," plaintiffs allege that this teacher denied P.W. restroom usage, and issued written reprimands for P.W.'s repeatedly "yelling out" requests to use the restroom. Further, plaintiffs allege that all of the defendants ignore requests for parent/teacher conferences.

Plaintiffs contend that these actions, along with actions directed towards their other children who are not part of this suit, bring "more irreparable harm" to P.W.  Further, plaintiffs argue that the defendants have prevented the parents from having "equal access to the school campus as white parents and others [have]," and that these actions are in retaliation "to protected activities and out of patterned discrimination." Lastly, plaintiff Kelvin Wells, who describes himself in the pleadings as a "Disabled American Veteran," also cites to the Americans with Disabilities Act ("ADA"), contending that defendants have knowledge of his disabilities "as past treatment of [P.W.] has caused mental issues as well as physical injuries."   As relief, plaintiffs request that this court order the defendants to cease "threatening, harassing, discriminating against, targeting or sanctioning bullying, preventing access to campus or restroom usage, denying parent-teacher conferences to prevent further injury and irreparable harm to the aforementioned minor child or Kelda or Kelvin Wells who have been the victims of false reports with defendants using law enforcement as a tool for intimidation." *Id.*

Pursuant to 28 U.S.C. §1915(e), this Court is authorized to dismiss an action brought *in forma pauperis* if satisfied that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See *Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986).  The court has broad discretion to dismiss a claim based on an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L.Ed.2d 338 (1989); A §1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, *supra*.

## *GOVERNING LAW AND ANALYSIS*

### *No Child Left Behind Act Claims*

The No Child Left Behind Act ("NCLBA") of 2001, 20 U.S.C. § 6301 et. seq., was enacted "to ensure that all children have a fair, equal, and significant opportunity to obtain a high-quality education and reach, at a minimum, proficiency on challenging state academic achievement standards and state academic assessments." 20 U.S.C. §6301. The Act focuses "on the entity regulated and does not confer a benefit or entitlement upon an individual, as Title VI and Title IX, for example, do by providing that 'no person ... shall be subjected to discrimination.'" *Fresh Start Academy v. Toledo Bd. Of Educ.*, 363 F.Supp.2d 910, 916 (N.D.Ohio 2005). This is also evidenced by the fact that the Act contains its own enforcement provision, which authorizes the Secretary of Education to withhold funds from states that fail to comply with the provisions of the Act. 20 U.S.C. § 6311(g)(2). *See, also, Horne v. Flores*, 129 S.Ct. 2579, 2598 (2009). Thus, the Act does not provide a private right of action, and "without [statutory intent], a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Alexander v. Sandoval*, 532 U.S. 275, 286-287, 121 S.Ct. 1511, 149 L.Ed. 2d 517 (2001). Plaintiff's NCLBA claims should be dismissed under § 1915(e) for failure to state a claim upon which relief may be granted.

### *"Title One" Claims*

Plaintiffs have failed to allege what their "Title One" claims are, or how defendants violated their rights under "Title One." It appears in the complaint that plaintiffs allege violations of Title I of the Civil Rights Act (1991), more commonly known as 42 U.S.C. § 1981. In pertinent part, § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts ... and to the full

and equal benefit of all laws ... as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Congress intended § 1981 "to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613, 107 S.Ct. 2022, 2028, 95 L.Ed.2d 582 (1987).

Plaintiffs' complaint fails to raise any allegations that their rights to the full and equal benefit of any law was violated as they have failed to state any facts regarding specific conduct[1] of intentional racial discrimination[2]; thus, their claims under Section 1981 should be dismissed for failure to state a claim upon which relief may be granted.

***Civil Rights Act of 1964, Title VI Claims***

Title VI of the Civil Rights Act of 1964 prohibits discrimination in programs or activities receiving federal assistance, and only permits suits against public or private entities receiving funds and not against individual teachers and/or principals. 42 U.S.C.A. § 2000d. Thus, any claims against "Unknown Hollinger" and "Unknown Principal" should be dismissed for failure to state a claim upon which relief may be granted.

Moreover, even assuming that plaintiffs established the prima facie elements[3] of a Title VI claim, they have failed to allege specific instances of intentional discrimination. "Intentional discrimination" encompasses practices by which the actor intended to treat similarly situated individuals differently "solely on the basis of national origin, color, or

---

[1] *See*, *Price v. Wallette*, 471 Fed. Appx. 255 (5th Cir. 2012).

[2] The court presumes that the plaintiffs are not alleging that they were unable to make or enforce any contract; thus, the only other area which may be covered by Section 1981 would be plaintiffs' rights to the full and equal benefits of any law.

[3] In order to establish a prima facie case under Title VI, plaintiffs must prove that (1) there is race discrimination; and (2) the entity engaged in discrimination receives federal financial assistance. *Washington v. Jackson State University*, 532 F.Supp. 2d 804, 810 (S.D. Miss. 2006).

race,[3]" which has not been alleged here.  Instead, plaintiffs appear to assert claims for damages arising out of defendants' alleged acts of negligence, and these allegations are insufficient to establish claims of intentional discrimination. Thus, even if the claims are taken as true, plaintiffs have failed to state a claim under Title VI upon which relief may be granted, and these claims should be dismissed.

To the extent the parents (Kelvin Wells and Keldra Price) attempt to assert Title VI claims on their own behalf, they lack standing to do so as they are not beneficiaries, applicants or participants in any federally funded program at the minor child's school.  Any claims on these grounds also should be dismissed.

***Americans with Disabilities Act Claims***

The Americans with Disabilities Act ("ADA") defines a disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A). Here, plaintiffs have not set forth any facts to meet the threshold requirement of showing that either Kelvin Wells or P.W. were disabled as defined by the ADA.  Moreover, plaintiffs have no standing to bring such a claim as they cannot establish one of the prima facie elements of an ADA claim in that they have alleged no facts

---

[3]*DeLeon v. City of Dallas*, 2008 WL 2941245 *3 (N.D. Tex. July 25, 2008).

that they were excluded from any program on the basis of their alleged disabilities. [4] These claims should be dismissed for failure to state a claim upon which relief may be granted.

***Individuals with Disabilities Education Act ("IDEA") Claims***

The IDEA requires states to provide a "free appropriate public education" to children with disabilities; however, it does not provide a cause of action against a school official sued in his individual capacity. Thus, any IDEA claims against Hollinger or the principal in their individual capacities should be dismissed.

Additionally, the IDEA requires schools to establish administrative procedures to provide parents with the opportunity to present their complaints "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child."[5] Parties are required to exhaust their administrative remedies before bringing such complaints in either state or federal court, and this requirement applies not only to IDEA claims, but to any other claims which seek relief that is also available under the IDEA.[6] Plaintiffs have not alleged that they have sought or exhausted their administrative remedies; therefore, their IDEA claims should be dismissed.

***Fourteenth Amendment Claims***

To the extent plaintiffs attempt to assert any Fourteenth Amendment claims concerning their access to campus or to parent-teacher conferences, their allegations do

---

[4] The prima facie elements that must be proved by plaintiffs are: (1) that they have a disability; (2) they are otherwise qualified to participate in the defendants' program; and (3) that they were excluded from the program on the basis of their disability or disabilities. *Halperin v. Wake Forest Univ. Health Sciences*, 669 F.3d 454, 461 (4th Cir. 2102)

[5] 20 U.S.C. §1415(l); *M.L. v. Frisco Indep. Scho. Dist.*, 451 F. Appx 424, 427 (5th Cir. 2011).

[6] Id. at §1415(l); Id. at 428.

not rise to a constitutional level, and even assuming they did, state court remedies are available to them for those claims.

### *Section 1983 Claims*

Plaintiffs claim that P.W. was injured during the alleged incidents, which the court construes claims under 42 U.S.C.A. § 1983, as plaintiffs argue that the alleged assault of August 18, 2011, happened in the presence of school officials, who failed to prevent such targeting or bullying.  However, the school has no constitutional duty to protect P.W. from harm inflicted by a non-state actor, *i.e.,* another child, and therefore could not have violated P.W.'s constitutional rights in this regard.[7] These claims should be dismissed for failure to state a claim upon which relief may be granted.

### *RECOMMENDATION*

It is the recommendation of the magistrate judge that plaintiffs' claims be dismissed for failure to state claims upon which relief may be granted.

It is the further recommendation of the magistrate judge that to the extent plaintiffs have stated any state law claims, the court should decline to exercise jurisdiction over those claims.

Signed in Baton Rouge, Louisiana, on November 8, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[7] *DeShaney v. Winnebag County Dept of Soc.* Servs., 489 U.S. 189, 197, 109 S.Ct. 998, 103 L.Ed. 2d 249 (1989); Estate *of Brown v. Cypress Fairbanks Indep. School Dist.*, 863 F.Supp. 2d 632, 636 (S.D. Tex., 2012);

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KELVIN WELL, ET AL**  CIVIL ACTION

**VERSUS**  NUMBER 11-603-JJB-DLD

**MAGNOLIA WOODS ELEMENTARY SCHOOL, ET AL**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 8, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**